ORDERED.

**Dated: July 20, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:

Case No. 2:24-bk-01404-FMR
Chapter 13

Annamaria Fraisella

Debtor.[1]
_____________________/

**ORDER GRANTING CREDITOR'S MOTION TO AMEND ORDER OF DISMISSAL (DOC. NO. 67) AND DENYING DEBTOR'S MOTION TO RECONSIDER ORDER DISMISSING CHAPTER 13 CASE (DOC. NO. 69)**

THIS CASE came on for a hearing on June 30, 2026, upon the Creditor's Motion to Amend Order of Dismissal (Doc. No. 67) and the Debtor's Motion to Reconsider Order Dismissing Chapter 13 Case (Doc. No. 69). Accordingly, it is

**ORDERED:**

1. The Creditor's Motion to Amend Order of Dismissal (Doc. No. 67) is hereby **GRANTED**.

2. The Debtor's Motion to Reconsider Order Dismissing Chapter 13 Case (Doc. No. 69) is hereby **DENIED**.

3. The Order Dismissing Chapter 13 Case (Doc. No. 65) entered on April 27, 2026 is hereby amended to dismiss with a 1-year bar as to re-filing.

4. This case is dismissed with prejudice effective April 27, 2026, and the Debtor is prohibited from filing another bankruptcy case anywhere in the world prior to April 27, 2027.

5. The Clerk is directed not to accept any bankruptcy petition filed by the Debtor prior to April 27, 2027.

6. **ALL STATE COURT JUDGES AND CLERKS ARE NOTIFIED:**

**THE FILING OF A BANKRUPTCY CASE BY THE DEBTOR PRIOR TO APRIL 27, 2027, WILL NOT CAUSE THE AUTOMATIC STAY TO BECOME OPERATIVE AND WILL NOT, THEREFORE, PROVIDE GROUNDS TO STOP ANY SCHEDULED FORECLOSURE SALE OR OTHER COURT PROCEEDING WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

7. All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction: (a) motions for relief from stay that (i) were scheduled for hearing within fourteen (14) days of the date of this Order, or (ii) request an order binding upon the Debtor in subsequently filed cases; (b) any pending order to show cause for dismissal with prejudice; and (c) motions for sanctions arising from alleged violations of the automatic stay.

8. Refund of Undisbursed Plan Payments if Case is Dismissed or Converted. If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, subject to the provisions of Paragraph 9 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

9. Administrative Expense Claims if Case is Dismissed or Converted. If the case is dismissed or converted to a case under another chapter, holders of unpaid administrative expense claims, including Debtor's attorney, that seek payment in the Chapter 13 case must file their applications no later than 14 days after entry of the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded by the Court.

10. The Trustee shall thereafter file his final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

11. Debtor, the Trustee, or any party in interest may within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

Trustee, Daryl J. Smith, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

DJS/MEC/ss C13T 07/17/26